CATALINA JOOS VERGARA (SBN 223775)
cvergara@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, California 90071-2899
Telephone: +1 213 430 6000
Facsimile: +1 213 430 6407

KEVIN B. HUFF (admitted *pro hac vice*)
khuff@kellogghansen.com
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: +1 202 326 7900
Facsimile: +1 202 326 7999
*(additional counsel listed on signature page)*

*Attorneys for Moving Party Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

META PLATFORMS, INC.,

Moving Party,

v.

SNAP INC.,

Responding Party.

**Misc. Case No. 2:22-mc-00147-PA-AGRx**

Underlying action in United States District Court for the Northern District of California, No. 3:20-cv-08570-JD

**META PLATFORMS, INC.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL AND OPPOSITION TO SNAP INC.'S CROSS-MOTION TO QUASH**

Judge: Hon. Alicia G. Rosenberg
Hearing Date: September 13, 2022
Time: 11:00 a.m.
Location: Courtroom 550
Roybal Federal Building and United States Courthouse

Meta seeks relevant and necessary discovery from Snap – an acknowledged competitor and alleged victim of Meta's conduct in two private class actions ("*Klein*") pending in N.D. Cal. While "recogniz[ing] that it will need to provide some additional discovery" here, *Klein* Joint Statement ("J.S.") at 41, Dkt. 1-1, Snap has stonewalled and delayed. Snap provided a take-it-or-leave-it offer to produce only a handful of documents, subject to numerous inappropriate conditions, including a new protective order and Meta paying its fees. This offer did not include the vast majority of documents Meta needs to defend itself, and included no customary custodial searches for relevant emails and documents. While not a party to this action, Snap is interested in its outcome. Public reporting indicates Snap has spent years developing a strategy to bring antitrust litigation against Meta, J.S. at 17 n.13, and its steadfast refusal to cooperate in discovery is part of its plan of attack.

Snap spills much ink in the *Klein* Joint Statement regarding the scope, burden, and necessity of documents that Meta requested in a *different* subpoena regarding *different* litigation challenging *different* conduct brought by a *different* plaintiff (the FTC). These arguments should not distract from this motion, which asks the Court to compel Snap to produce documents responsive to only eight narrow requests[1] specific to *Klein*. These requests are relevant to the *Klein* Plaintiffs' Sherman Act Section 1 and 2 theories regarding Meta's alleged privacy misrepresentations; Meta's non-exclusive agreement with Google concerning advertising auctions run by Google; and Plaintiffs' damages theory. In contrast, the *FTC* litigation attacks Meta's acquisitions of Instagram and WhatsApp, and seeks injunctive relief. Snap's arguments about the relevance and burden of Meta's subpoena requests issued in the *FTC* litigation have no bearing on the relevance and burden of Meta's requests in the subpoena in *this* separate case. *See In re Subpoena to Jodie Strain*, 2013 WL

[1] Meta's ninth request asks for any documents Snap produced in the *FTC* case – but there is no dispute over this one, as Snap stated it "has no objection to Meta's using documents produced in the *FTC* action as part of the *Klein* action." J.S. at 40.

12155022, at *3 (S.D. Tex. June 19, 2013) (rejecting nonparty's attempt to combine burden from subpoenas requesting party issued in other cases); *Whatley v. World Fuel Servs. Corp.*, 2020 WL 261209, at *3 n.5 (S.D. Fla. May 22, 2020) (similar).

Whether Snap should be compelled to produce the eight categories of documents is a "case specific inquiry." *United States v. Gilead Scis.*, 2021 WL 8893652, at *5 (C.D. Cal. Feb. 22, 2021); *Aristocrat Leisure Ltd. v. Deutsche Bank Tr.*, 262 F.R.D. 293, 300 (S.D.N.Y. 2009). These requests seek documents relevant to Meta's defenses in *Klein*. Snap does not argue otherwise. Instead, Snap asserts that Meta requests sensitive information and that producing it would be burdensome. But Snap provides no support for these positions other than its attorney's say-so. Snap's assertions are not supported by an affidavit or any evidence – a requirement in this District (and others across the country) for non-parties resisting production.

The Court should not quash the subpoena and send the parties back to square one. J.S. at 36-41. Meta served the subpoena six months ago, and narrowed it to only nine targeted and necessary requests. The Court should order Snap to produce the highly relevant documents Meta seeks.

## I. Snap Has Not Shown That Meta Seeks Its Trade Secrets

Snap argues (at 75) that the subpoena should be quashed because Meta has not shown a substantial need for Snap's most confidential information. However, Snap asserts trade-secret status for only *one* of the eight requests (RFP 41), and it has not substantiated that assertion. Snap identifies, in bullet form in an introduction section, three requests (RFPs 22, 34, 36) that (supposedly) "obviously" contain trade secrets, but makes no request-specific arguments.

The "substantial need" standard applies only if Snap carries its initial burden of making a "strong showing" that the requests seek actual "trade secrets" or "confidential . . . commercial information" (referred to herein as "trade secrets"). Fed. R. Civ. P. 45(d)(3)(B)(i); *Nguyen v. Lotus By Johnny Dung Inc.*, 2019 WL 4570032, at *4 (C.D. Cal. Apr. 12, 2019). Snap "must first *demonstrate by*

*competent evidence*" – i.e., affidavits or declarations, not just "general assertions" – the information is a trade secret. *Heredia v. Sunrise Senior Living LLC*, 2020 WL 3108699, at *4-5 (C.D. Cal. Jan. 31, 2020) (emphasis added). Courts routinely reject generic invocations of trade secrets without any evidence substantiating the claim. *See*, *e.g.*, *Nguyen*, 2019 WL 4570032, at *4; *Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 683 (C.D. Cal. 2009) (rejecting trade-secret claim because "defendant has not presented any declarations from its officers or employees supporting its claim that the information sought . . . is a 'trade secret' "); *Hill v. Eddie Bauer*, 242 F.R.D. 556, 561-62 (C.D. Cal. 2007) (same); *Heredia*, 2020 WL 3108699, at *4 (same); *RG Abrams Ins. v. Law Offices of C.R. Abrams*, 2021 WL 4974618, at *8 (C.D. Cal. July 14, 2021) (same).[2]

Snap's generalized invocation of "trade secrets" fails to make a "strong showing" that any *specific* request seeks any *specific* trade-secret information. It has offered *no* competent evidence supporting its claim of trade secrets. Snap instead argues (at 55) it is exempt from *proving* trade-secret status because it is "obvious" "Meta seeks confidential mater [sic]." This is a conclusory argument courts routinely reject. *E.g.*, *Nat'l Acad.*, 256 F.R.D. at 683 ("Without any declarations to support its confidentiality claim, the Court cannot simply assume defendant keeps this information confidential."); *U.S. Interloc Matting. v. Macro Plastics*, 2017 WL 9565569, at *3 (E.D. Cal. Nov. 14, 2017) ("vague and conclusory allegations . . . do not provide any specific argument or evidence to allow the court to determine . . . if . . . documents contain trade secrets"). Indeed, in all the cases Snap cites (at 53) to support its position that the material requested is "obviously" confidential, the party alleging trade secrets provided declarations from employees explaining the confidential nature of the information requested.

---

[2] Countless other courts do so as well. *See*, *e.g.*, *In re Ambercroft Trading Ltd.*, 2018 WL 4773187, at *9 (N.D. Cal. Oct. 3, 2018); *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 2010 WL 11613859, at *3 (D.D.C. Sept. 9, 2010).

## II. Meta Has Substantial Need for These Highly Relevant Documents

Even if Snap had identified specific trade secrets (it has not), Meta has substantial need for Snap's documents regarding Plaintiffs' exclusionary conduct claims. Snap does not seriously dispute this for seven of the eight requests; it specifically attacks only RFP 41, which is relevant to the *Klein* Plaintiffs' theory that Meta misrepresented its privacy practices to users for 15 years. According to Plaintiffs, Meta's alleged deceit allowed Meta to acquire and maintain a monopoly, foreclosing competition from apps with better privacy. As Meta explained in the Joint Statement (at 64-67), Meta has a substantial need for Snap's documents responsive to RFP 41, which seeks documents regarding one specific incident of alleged deception, relating to "Cambridge Analytica," in 2018. Snap, a Meta competitor allegedly harmed by this supposed misrepresentation, is the only entity that can document whether Snap was indeed harmed and whether Meta's alleged deceptions actually impacted users' decisions to use Snap's products.

## III. Snap Has Failed To Prove Any Burden

Meta significantly reduced the number and scope of requests at issue. They are not burdensome. Unsurprisingly, Snap has not substantiated *any* burden argument for *any* of the eight disputed requests. Snap must support its claim of burden with "affidavits or other evidence showing the exact nature of the burden." *Blagman v. Apple*, 2014 WL 12607841, at *3 (C.D. Cal. Jan. 6, 2014). "'*Ipse dixit*' and 'counsel's mere say-so' do not suffice." *Doe v. Wesleyan Univ.*, 2021 WL 4704852, at *7 (D. Conn. Oct. 8, 2021).

Snap either (a) makes no burden argument (RFP 22), (b) merely asserts compliance would involve a burden without any explanation (RFPs 20, 41, 34-36), or (c) offers no proof of its burden, instead making only general and conclusory arguments based on its counsel's say-so (RFPs 24, 43). For example, Snap's burden argument for RFP 20 states only "Klein RFP 20 is overly broad and unduly burdensome," without further explanation. J.S. at 74. That is insufficient. *See State*

*Farm Mut. Auto. Ins. v. Elite Health Ctrs, Inc.*, 364 F. Supp. 3d 758, 766-67 (E.D. Mich. 2018); *In re Apple iPhone Antitrust Litig.*, 2021 WL 718650, at *2 (N.D. Cal. Feb. 24, 2021). And Snap fails to offer *any* affidavit whatsoever to support *any* burden argument regarding the *Klein* subpoena. *See Roy v. County of Los Angeles*, 2016 WL 11783814, at *4 (C.D. Cal. Nov. 18, 2016) (without declaration, nonparty "cannot satisfy its burden of showing undue burden").

Snap tries to overcome its failure to offer specific evidence regarding burden by repeating that the Court must consider the subpoena's "cumulative" burden. But, it is impossible to evaluate the "holistic burden" of Meta's subpoena because Snap made no effort to specify the individual burden of any of the requests, even as Meta narrowed the subpoena to just eight. Snap did no work to elaborate its burden, not even attempting to estimate the time and cost to review responsive hits based on its own custodians and search terms. It is no answer to assert (as Snap does) that it would be burdensome to assess burden. *See Stati v. Rep. of Kazakhstan*, 2020 WL 3259244, at *9 (D.D.C. June 5, 2020) (non-party failed to establish burden without "actually conduct[ing] a preliminary search"); *State Farm*, 364 F. Supp. 3d at 767 (party responding should "[b]e prepared to support allegations of undue burden with detailed cost and time calculations, supported by knowledgeable declarations").

* * *

Parsing Snap's response to each request demonstrates just how scant Snap's arguments are: Snap does not argue that *any* of the eight requests are irrelevant. It has not demonstrated with any affidavits or evidence that *any* of the eight requests actually seek trade secrets (and only gestures toward even asserting trade-secret status for one of its eight request-specific arguments). Even if it had, Snap argues Meta has no substantial need for documents responsive to only *one* of eight requests, which Meta has demonstrated is incorrect. Finally, Snap has not substantiated its burden claim with any specific evidence for *any* of the eight requests (and only even mentions burden, cursorily, for two). The Court should grant Meta's motion.

DATED: August 30, 2022

Respectfully submitted,

By: */s/ Catalina Joos Vergara*
Catalina Joos Vergara

Catalina Joos Vergara
cvergara@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, California 90071-2899
Telephone:+1 213 430 6000
Facsimile: +1 213 430 6407

Kevin B. Huff (admitted *pro hac vice*)
Kevin D. Horvitz (admitted *pro hac vice*)
Ana Nikolic Paul (admitted *pro hac vice*)
Justin B. Berg (admitted *pro hac vice*)*
khuff@kellogghansen.com
khorvitz@kellogghansen.com
apaul@kellogghansen.com
jberg@kellogghansen.com
KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone:+1 202 326 7900
Facsimile: +1 202 326 7999
*Admitted in New York. Not admitted in District of Columbia. Practice supervised by members of the firm.

*Attorneys for Moving Party*
*Meta Platforms, Inc.*